UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RICARDO TOWNSEND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00235-RLY-MPB |
| | ) | |
| J. R. BELL, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Ricardo Townsend, a federal inmate currently housed at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016),[1] because he does not have the necessary predicate convictions for a life sentence under 21 U.S.C. § 841(b)(1). For the reasons explained below, his petition is **granted.**

**I.     Factual and Procedural Background**

Mr. Townsend filed this petition for writ of habeas corpus pursuant to § 2241 to challenge the life sentence imposed by the Southern District of Iowa in Case No. 3:08-cr-69-JAJ-SBJ, on July 1, 2009. Crim. Dkt 54. Mr. Townsend was found guilty by jury on February 25, 2009. Crim Dkt. 46. He was sentenced on July 1, 2009.

Mr. Townsend was charged and convicted by a jury of conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Crim. Dkt. 1, 46. Before

---

[1] In *Mathis*, the United States Supreme Court "narrowed the range of state statutes that qualify as violent felony predicates under the Armed Career Criminal Act." *Chazen v. Marske*, 938 F.3d 851, 855 (7th Cir. 2019).

1

trial, the government filed an Information under 21 U.S.C. § 851, notifying Mr. Townsend that he was subject to enhanced penalties because he had one or more prior felony drug convictions. Crim. Dkt. 18. These convictions were described as follows:

> 1. On or about June 28, 2004, defendant was sentenced after being found guilty of a drug felony in the Circuit Court of Cook County, Illinois, in case number 02CR2799001, Possession of a Controlled Substance with Intent to Deliver, in violation of Section(s) 720-570/401(D), Illinois Criminal Code, a Class 2 felony. The defendant was sentenced to the Illinois Department of Corrections for a term of imprisonment of three (3) years.
>
> 2. On or about March 1, 1994, defendant was sentenced after being found guilty of a drug felony in the Circuit Court of Cook County, Illinois, in case number 92CR13570, Possession of a Controlled Substance with Intent to Deliver, in violation of Section(s) 56.5/1401(c)(2) and Delivery of a Controlled Substance, in violation of Section(s) 56.5/1401(d), Illinois Criminal Code. The defendant was sentenced initially to thirty (30) months probation on December 2, 1992. The defendant violated his probation and was sentenced to the Illinois Department of Corrections for a term of imprisonment of five (5) years.

*Id.*

Based on a total offense level of 40 and a criminal history category of VI, Mr. Townsend's guideline imprisonment range was 360 months to life. Pursuant to U.S.S.G. § 5G1.1(b) and the statutory minimum, his guideline sentence was life. *Id.*

Mr. Townsend appealed his conviction claiming the evidence was insufficient to convict him, and the Eighth Circuit denied his appeal and affirmed his conviction. *See United States v. Townsend*, 367 F. App'x 736 (8th Cir. 2010). Mr. Townsend then filed a motion to vacate pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel which was rejected by the district court. *See Townsend v. United States*, 2011 WL 13253325 (S.D. Iowa 2011).

Mr. Townsend has since filed three motions with the Eighth Circuit for permission to file a successive § 2255 petition, and all have been denied. To date, Mr. Townsend's direct appeal and

collateral attacks have been unsuccessful. Now before the Court is Mr. Townsend's petition for a writ of habeas corpus under § 2241 challenging his sentence.

## II. Availability of Relief Under Section 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. Specifically, under § 2255(e), a federal prisoner may seek relief under § 2241 only if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

To determine whether a § 2255 remedy is "inadequate or ineffective," the court will apply the Seventh Circuit's law as it is the circuit of confinement. *See Holmes v. Hudson*, No. 19 C 50154, 2020 WL 5530116, at *2 (N.D. Ill. Sept. 15, 2020) (citing *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019), which holds that the circuit of confinement's law governs application of § 2255(e) and, if the petitioner qualifies under the savings clause, the circuit of conviction's law governs the merits of the § 2241 petition).

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed § 2255(e), referred to as "the savings clause," in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Worman v. Entzel*, 953 F.3d 1004 (7th Cir. 2020) (same); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis*, 863 F.3d at 964-65 (affirming denial of relief under § 2241 because petitioner could not establish third *Davenport* requirement).

Mr. Townsend's *Mathis* claim meets the first two requirements to bring a § 2241 claim under the savings clause. First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

4

Second, *Mathis* is retroactive. *Chazen v. Markse*, 938 F.3d 851, 861-62 (7th Cir. 2019) (recognizing that *Mathis* "fits the bill" of the second *Davenport* requirement because it "injected much-needed clarity and direction into the law under the Armed Career Criminal Act"); *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively on collateral review.").[2] In addition, Mr. Townsend could not have raised this argument at the time of his direct appeal or his § 2255 motion because it was not reasonably available under Eighth Circuit law at the time. *Wadlington v. Werlich*, No. 17-CV-449-SMY, 2020 WL 1692533, at *4 (S.D. Ill. Apr. 7, 2020) (citing *United States v. Cornelius*, 931 F.2d 490, 492, 494 (8th Cir. 1991); *United States v. Lamb*, 847 F.3d 923 (8th Cir. 2017) (applying *Mathis* analysis after Supreme Court reversal and remand)).

The sole issue then is whether Mr. Townsend's petition satisfies the third requirement for relief under § 2241 – that the error is grave enough to be a miscarriage of justice. If one or both of Mr. Townsend's prior two state convictions identified in the § 851 Information do not qualify as a "felony drug offense," then Mr. Townsend is actually innocent of the statutory mandatory minimum sentence of life imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). The Seventh Circuit has held that the wrongful application of a mandatory minimum sentence amounts to a miscarriage of justice. *See Chazen*, 938 F.3d at 853 (citing *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)); *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019). Thus, the Court will address the merits of Mr. Townsend's *Mathis* claim.

---

[2] The respondent's claim that Mr. Townsend is prohibited from pursing his *Mathis* claim now because the "categorical approach" pre-dated *Mathis*, is contrary to these Seventh Circuit cases and is rejected on that basis.

### III. Discussion

Mr. Townsend argues that his sentence was enhanced to a life term based on an erroneous application of the statutory scheme of § 841. He contends that if *Mathis* applies to eliminate either of his two prior Illinois convictions as predicate "felony drug offenses," he would have faced a statutory sentencing range of 10 years to life, instead of the mandatory life sentence, under 21 U.S.C. § 841.

### A. Applicable Law

As the respondent notes, dkt. 21 at 15, it is unclear whether the Court should apply the substantive law of the Seventh Circuit or the Eighth Circuit to resolve Mr. Townsend's challenge to his sentence. *See Chazen*, 938 F.3d at 864-66 (Barrett, J., concurring) (discussing this unsettled issue and stating that the argument that the law of the circuit of conviction should apply "has force"). The respondent does not take a position on the issue, instead arguing that Mr. Townsend is not entitled to relief under either Seventh Circuit or Eighth Circuit precedent. *Id.* Mr. Townsend did not brief this issue and appears to presume that Seventh Circuit substantive law applies.

Thus, our analysis begins with a recent Supreme Court case that necessarily applies to both Circuits. In *Shular v. United States,* 140 S.Ct. 779 (2020), the Supreme Court discussed the methodology courts are to apply when determining whether a state offense is a "serious drug offense" under the Armed Career Criminal Act ("ACCA"). ACCA defines a "serious drug offense" as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

*Id.* at 784 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). The Supreme Court held that, "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal

statute; it does not require that the state offense match certain generic offenses." *Shular*, 140 S.Ct. at 782. Instead, Congress intended application of the ACCA to all offenders who engaged in certain conduct.

At the time Mr. Townsend was sentenced on July 1, 2009, 21 U.S.C. § 841(b)(1)(A) provided in relevant part that any person who was convicted of distributing at least 50 grams of cocaine base, "after two or more prior convictions for a felony drug offense have become final, [] shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). In this case, the issue is whether either of the Illinois Drug convictions listed in the § 851 Information are a "felony drug offense" as defined in 21 U.S.C. § 802(44). *Brock-Miller v. United States*, 887 F.3d 298, 305 (7th Cir. 2018). That definition reads:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). Following the rationale in *Shular,* the court is to determine whether the "state offense involve the conduct specified in the federal statute." *Shular,* 140 S.Ct. at 782.

With this recent guidance in mind, it appears that the Seventh Circuit and Eighth Circuit would resolve the merits of Mr. Townsend's claim for relief consistently.

The Eighth Circuit has explained,

> Using the categorical approach, we focus solely on whether the elements of the crime of conviction sufficiently match the conduct of a serious drug offense. *Shular v. United States*, ––– U.S. –––, 140 S. Ct. 779, 782, 206 L.Ed.2d 81 (2020). If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense. *See Descamps v. United States*, 570 U.S. 254, 261, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

*United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020) (denying relief after finding Virginia drug schedules divisible). In *United States v. Ruth,* the Seventh Circuit stated that the conduct-

7

based categorical approach applies to § 841(b)(1)'s sentencing enhancement. 966 F.3d 642 (7th Cir. 2020). Accordingly, "the court asks only whether the prior conviction's elements necessarily entail the conduct identified in § 802(44)." *Id.* at 647 (citing *Shular*, 140 S. Ct. 779); *see also United States v. Elder*, 900 F.3d 491 (7th Cir. 2018).

Mr. Townsend argues that at the time of his Illinois drug convictions the Illinois drug schedules included some substances that the federal schedules did not. Neither party has provided the state court record for the convictions identified in the § 851 Information.

What we know from the Information is that Mr. Townsend was convicted in 2004 of possession of a controlled substance with intent to deliver in violation of Section(s) 720-570/401(D), Illinois Criminal Code, a Class 2 felony. That statute, 720 ILCS 570/401(d) (effective Jan. 1, 2004 to Sept. 10, 2005), provided:

> (d) Any person who violates this Section with regard to any other amount of a controlled or counterfeit substance classified in Schedules I or II, or an analog thereof, which is (i) a narcotic drug, (ii) lysergic acid diethylamide (LSD) or an analog thereof, or (iii) any substance containing amphetamine or methamphetamine or any salt or optical isomer of amphetamine or methamphetamine, or an analog thereof, is guilty of a Class 2 felony. The fine for violation of this subsection (d) shall not be more than $200,000.

*Id.* The Schedules, in turn, are found at 720 ILCS 570/204 (Schedule I), *id.* § 206 (Schedule II).

Neither party argues that this statute is divisible. The Eighth Circuit has explained that a statute of conviction is divisible when "'different drug types and quantities carry different punishments' and the 'nature and quantity of the substance at issue are therefore essential to the crime's legal definition.'" *Vanoy*, 957 F.3d at 868 (citing *United States v. Ford*, 888 F.3d 922 (8th Cir. 2018)). There is no basis to conclude that the drug types listed in 720 ILCS 570/401(d) carry different punishments or that the nature or quantity of the substance mattered to the conviction. *See United States v. De La Torre*, 940 F.3d 938, 949 (7th Cir. 2019) (finding specific sections of

Illinois Drug statutes are not divisible); *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019) (same). In addition, the respondent presumes that both state convictions listed in the § 851 Information were for cocaine, but the court is not aware of any evidence in the record that supports this conclusion. Dkt. 21 at p. 5 (Respondent's response describing convictions as "two prior cocaine convictions" and focusing on definition of isomers found in cocaine).

The Illinois law Mr. Townsend was convicted under in 2004, 720 ILCS 570/401(d) (effective Jan. 1, 2004 to Sept. 10, 2005) and schedules I and II, 720 ILCS 570/204 (Schedule I), *id.* § 206 (Schedule II), include some substances that are outside the scope of 21 U.S.C. § 802(44). Mr. Townsend argues in his petition that there are 10 drugs banned by the State of Illinois that are not included in the federal definition of narcotic drugs. See dkt. 2 at p. 11. Respondent does not address this contention and instead focuses solely on cocaine. Respondent argues that although positional isomers of cocaine are part of the definition of controlled substances under Illinois law, and not part of the federal definition of narcotic drug in 21 U.S.C. § 802(17) (which includes only the optical and geometric isomers), this fact should be ignored because positional isomers are virtually nonexistent. This argument is not relevant, however, because there is no evidence in the record that Mr. Townsend's prior convictions involved cocaine.[3]

In addition, Mr. Townsend claims that in 2004, Illinois Schedule I included Drotebanol. *See* 720 ILSC 570/204 (effective June 2, 2000, through August 20, 2007). Drotebanol is not now

---

[3] Even if the Respondent is correct that the convictions are for cocaine its argument is without merit. This specific argument was fully considered by the Seventh Circuit and rejected in *Ruth*, 966 F.3d at 648. In *Ruth* the Seventh Circuit held that Illinois Drug Statutes that include positional isomers are categorically broader than federal law. *Id.* Accordingly, an Illinois conviction for possession with intent to deliver cocaine is not predicate 'felony drug offense' within meaning of federal statute increasing mandatory minimum sentence. *Id.* at 649-50. Thus, even if there was evidence in the record to establish that Mr. Townsend's prior convictions involved cocaine, the respondent's argument is unavailing.

and was not in 2004 or in 2009 included in 21 U.S.C. § 802(44). *See* § 802 (effective through January 4, 2006) and § 802 (effective December 21, 2018). "It is enough for us to say that where, as here, the state statute of conviction is plain and intentional, our job is straightforward: we compare the state statute to the federal recidivism statute at issue and ask only if the state law is the same as or narrower than federal law." *Ruth*, 966 F.3d at 648.

Mr. Townsend was convicted in 2004 under a statute that is broader than federal law and thus his § 851 sentencing enhancement which mandated a life sentence is erroneous. This reflects an error grave enough to be a miscarriage of justice.

Mr. Townsend's 1994 Illinois drug conviction is also based on a state statute that is broader than federal law. At the time of his 1994 conviction, 720 ILCS 570/401, formerly IL ST CH 56½ ¶ 1401, read in part "Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog." CONTROLLED SUBSTANCES—ANABOLIC STEROIDS—VIOLATIONS AND EDUCATION PROGRAM, 1991 Ill. Legis. Serv. P.A. 87-754 (H.B. 1955). The term "controlled substance" was defined as a drug, substance, or immediate precursor in the Schedules of Article II. *Id. See also*, *Wadlington*, 2020 WL 1692533, at *5 (discussing 1988 version of 720 ILCS 570/401).

Mr. Townsend argues that "felony drug offense" under 21 U.S.C. § 841 does not include "immediate precursors." In other words, the statute underlying his 1994 conviction sweeps more broadly than the definition of felony drug offense contained in 21 U.S.C. § 802. Dkt. 31 at p. 10. In *Wadlington*, the Southern District of Illinois held that the petitioner's conviction for cocaine under the same statute is not a categorical match and that § 1401(b) is overbroad. *Wadlington*, 2020 WL 1692533, at *5.

This Court cannot find an Eighth Circuit case issued after *Shular* that suggests that the Eighth Circuit would reach a different result than the Seventh Circuit in *Ruth*. The Court notes that if it had to choose, it would apply the substantive law of the Eighth Circuit to Mr. Townsend's claim that the convictions listed in the 851 Information do not qualify as predicate felony drug offenses. *See Chazen*, 938 F.3d at 863-66. Applying the law of the court of conviction to Mr. Townsend's claims will promote consistency within his attacks on his conviction and sentence and avoid the potential outcome of this Court directing a court in another circuit to take action that is inconsistent with that circuit's precedent. The transient nature of a § 2241 petitioner's incarceration is another reason to apply the substantive law of the court of conviction rather than the court of incarceration. It would not be prudent to apply the substantive law of the court of incarceration when the place of incarceration changes frequently.

For the reasons explained above, Mr. Townsend was sentenced to a statutory minimum life sentenced based on Illinois state convictions that are broader than federal law, rendering his § 851 sentencing enhancement erroneous.

## IV.    Conclusion

Mr. Townsend is entitled to relief pursuant to 28 U.S.C. § 2241. His petition for a writ of habeas corpus is **granted**. Because Mr. Townsend was improperly subjected to a mandatory minimum term of life imprisonment, he is entitled to resentencing. The resentencing shall take place in the Southern District of Iowa. *See* Case No. 3:08-cr-69-JAJ-SBJ; *Webster*, 784 F.3d at 1146.

Final Judgment vacating the petitioner's judgment in case number 3:08-cr-69-JAJ-SBJ subject to resentencing shall now enter. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (internal quotation

and citation omitted). Mr. Townsend shall remain in custody pending resentencing or further instructions from the sentencing court.

The **clerk is directed** to forward a copy of this Order and corresponding Judgment to the Clerk of the United States District Court for the Southern District of Iowa for filing in case number 3:08-cr-69-JAJ-SBJ.

**IT IS SO ORDERED.**

Date: 11/03/2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael C. Keating
LAW OFFICES OF STEVEN K. DEIG, LLC
michael@deiglaw.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov